UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE FLETCHER, et al., <br> Plaintiffs, <br> v. <br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br> Defendants. | Case No. 16-cv-01046-JSC <br><br> **ORDER DENYING MOTION TO AMEND AND MOTION FOR SANCTIONS** <br> Re: Dkt. Nos. 55, 56 |

The Court is in receipt of Plaintiffs' motion to amend their Second Amended Complaint to add (1) Mary Ann Bush Haynes as a plaintiff and (2) a violation of the First Amendment due to Defendants' acts which Plaintiffs allege deprived them of their right to association with Decedent Alvin Haynes. (Dkt. No. 55.) Ms. Bush Haynes is the surviving wife of Mr. Haynes. (Dkt. No. 61-3 at 2.) Defendants have also moved for terminating sanctions pursuant to the Court's inherent authority. The Court denies both motions.

### 1. Motion to Amend

Once the district court files a pretrial scheduling order pursuant to Rule 16, a party seeking to amend the scheduling order must show "good cause" for such relief. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992) ("[a] schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson*, 975 F.2d at 608).

The Court issued a pretrial order setting September 7, 2017 as the parties' deadline to amend the pleadings. (Dkt. No. 42 at 1.) Plaintiffs did not move to amend to add Ms. Bush

Haynes as a plaintiff and a violation of the First Amendment as a cause of action until January 2018, four months after the deadline. Therefore, Plaintiffs must first meet the good cause requirement pursuant to Rule 16 before the Court can evaluate the *Forman* factors under the more lenient Rule 15 standard. *See Johnson*, 975 F.2d at 608.

In determining whether good cause exists, courts primarily consider the diligence of the party seeking the modification. *Id.* at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.... [i]f that party was not diligent, the inquiry should end." *Id*.

Plaintiffs have not met their burden to show good cause. Plaintiffs commenced this action on March 1, 2016. (Dkt. No. 1.) The Court finds that Effie Haynes, Decedent's sister and a plaintiff in this action, called Ms. Bush Haynes in the summer of 2015 to alert her to Mr. Haynes death. (Dkt. No. 61 ¶ 3.) Subsequently, Ms. Bush Haynes had a conversation with the coroner on July 24, 2015. (Dkt. No. 61 ¶ 3.) Therefore, Ms. Bush Haynes knew of her husband's death *before* July 24, 2015 and thus could have either joined this action or instituted her own action long before January 2018. Further, the Court finds that at least one plaintiff—Effie Haynes--knew that Ms. Bush Haynes was married to Mr. Haynes as that is why she called her to alert her to her husband's death. There is nothing in the record that persuades the Court to find otherwise, for example, there is not a declaration from Ms. Bush Haynes swearing that none of the Plaintiffs were aware of her marriage to Mr. Haynes. Thus, Plaintiffs have not shown good cause for their delay in moving to add Ms. Bush Haynes to the complaint. Further, Plaintiffs present no new facts upon which they rely to bring their tardy First Amendment claim, other than the facts related to Ms. Bush Haynes.

The Court also notes that although prejudice to Defendants is not a required factor, Defendants will be prejudiced if amendment is allowed. All or nearly all Plaintiffs have been deposed and will have to be re-deposed if amendment is permitted. Further, fact discovery closed on March 5, 2018, expert discovery closes on May 9, 2018, and the deadline for *hearing* dispositive motions is June 21, 2018. All these deadlines will have to be moved if the belated

2

amendment is allowed.

Because Plaintiffs have delayed over two years to add Ms. Bush Haynes and the First Amendment claim to the complaint, Plaintiffs have not met their burden to show good cause. The motion to amend fails under Rule 16 and is therefore DENIED.

**2. Motion for Sanctions**

Defendants' motion for sanctions is denied for the reasons stated on the record at the hearing on March 22, 2018.

**3. Amendment**

As Plaintiffs agree that in light of Mr. Hayne's marriage to Ms. Bush Haynes they do not have standing to bring all of the claims in their First Amended Complaint, the Court grants them 21 days to file a Second Amended Complaint which includes only those claims from the First Amended Complaint that they believe they may pursue in this lawsuit.

**IT IS SO ORDERED.**

Dated: March 23, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge